EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN BONET FLORES, acusado y apelante.

*Número:* CR-67-115      *Resuelto:* 26 de noviembre de 1968

686

*Julio García Antique, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Provistos de una orden de allanamiento expedida por un magistrado, varios agentes especiales de Rentas Internas procedieron a allanar y a registrar el apartamiento en donde residía Félix Reyes en el Caserío Lloréns Torres. Los agentes para entrar a dicho apartamiento usaron una llave que les suministró la administración del caserío. Ya dentro, se dirigieron al baño, en donde luego de derribar la puerta, encontraron a seis personas entre ellas al acusado. Ocuparon dieciocho cigarrillos que resultaron ser de marihuana y varias chapitas y goteros conteniendo un polvo blanco que analizado resultó ser heroína. El apelante fue acusado y convicto de dos delitos de posesión de drogas siendo sentenciado a cumplir de 7 a 10 años de presidio, a ser cumplidos concurrentemente.

Levanta en apelación la comisión de dos errores: (a) erró el tribunal al declarar sin lugar la moción de supresión de

evidencia planteada por la defensa; (¹) (b) erró el tribunal al permitir que se ofreciera y admitiera en evidencia objetos obtenidos mediante un registro irrazonable.

La Regla 234 de Procedimiento Criminal establece que la moción de supresión de evidencia se hará cinco días antes del juicio, a menos que el acusado no hubiere tenido oportunidad para ello o que no le constaren los fundamentos de la moción, o que la ilegalidad del allanamiento surgiere de la prueba del fiscal. En el presente caso el acusado estuvo presente en el allanamiento, teniendo pleno conocimiento de lo. allí ocupado por los agentes. No hizo su petición oportunamente, tampoco caía bajo ninguna de las excepciones establecidas en dicha regla. No erró el tribunal sentenciador al denegar dicha moción por ser tardía. *Pueblo* v. *Díaz Cintrón*, 91 D.P.R. 146 (1964); *Pueblo* v. *Nieves*, 67 D.P.R. 305 (1947).

Como segundo error el apelante alega que el registro realizado por los agentes, aunque provistos de una orden de allanamiento, fue uno irrazonable. Cuestiona el procedimiento usado para. entrar al apartamiento, luego de conseguir que el administrador del caserío les suministrara una copia de la llave del apartamiento y que una vez adentro, procedieron a tumbar la puerta del baño sin antes anunciar su presencia y solicitar que les abrieran, constituyendo tales actuaciones una invasión arbitraria por parte de los agentes del gobierno. No tiene razón el apelante. En el presente caso los agentes estaban provistos de una orden de allanamiento, por tanto no se plantea el problema de la validez del consentimiento, dado por el administrador del caserío al proveerles

---

(¹) La moción de supresión de evidencia fue presentada durante el proceso el 13 de noviembre de 1963, siendo su fundamento que no se había prestado una declaración jurada para la obtención de la orden de registro. Este supuesto es erróneo. De la lectura del récord se desprende que lo que el agente no hizo fue prestar declaración ante el fiscal durante la investigación, pero sí ante el juez previa expedición de la orden.

a los agentes la llave de dicho apartamiento. El hecho de que los agentes no cumplieran con el requisito de dar a conocer la autoridad de que iban revestidos, antes de violentar la puerta del cuarto de baño, (²) tampoco convierte el registro en uno irrazonable. A esta regla de "dar a conocer la autoridad" se le han reconocido jurisprudencialmente varias ex-cepciones, tanto por los tribunales estatales como por el Tribunal Supremo Federal. En el caso de *Ker* v. *California*, 374 U.S. 23 (1963) el Tribunal Supremo Federal, interpre-tando la Sec. 844 del Código Penal de California (³) reconoció que bajo ciertas circunstancias tal anuncio de autoridad puede dispensarse como por ejemplo, para evitar aumentar el riesgo o peligro del agente diligenciador de la orden, o evitar la destrucción de la evidencia que se pretende con-seguir o cuando ya las personas estén sobre aviso. Ver además *People* v. *Maddox*, 294 P.2d 6 (1956); *People* v. *Hammond*, 357 P.2d 289 (1960); *People* v. *Carrillo*, 412 P.2d 377 (1966); *"The Rule of Announcement and Unlawful Entry: Miller v. United States and Ker v. California"* 112 U. Pa. L. Rev. 499 (1964). Sin embargo, como se dijo en

---

(²) El Art. 509 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 1819) dispone:

"El agente de la autoridad, agente de rentas internas, o inspector de contribución sobre ingresos, dentro de las funciones de su cargo, puede descerrajar cualquier puerta o ventana interior de una casa a cualquiera parte de la casa o cosa dentro de la casa con objeto de cumplimentar la orden de registro, si al dar a conocer la autoridad de que va revestido y el objeto de su visita, le fuere negada la entrada."

(³) "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admit-tance and explained the purpose for which admittance is desired."

En el ámbito federal la Sec. 3109 del título 18 de U.S.C.A. dispone:

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

*People* v. *Gastelo*, 432 P.2d 706 (1967), la entrada forzada sin previo anuncio no puede ser justificada bajo una norma general basada meramente en el tipo de delito o evidencia envuelta. Debe existir alguna razón adicional que justifique tal actuación. Se expresó así la Corte:

"El Procurador General sostiene que la entrada forzada sin previo anuncio para ejecutar una orden de allanamiento es siempre razonable en los casos de narcóticos, bajo el fundamento de que los infractores de la ley de narcóticos normalmente están alertas para destruir rápidamente la evidencia de la cual es fácil disponer a la primera señal de la presencia de un agente.

Nosotros no estamos de acuerdo con esta contención. Ni esta Corte ni la Corte Suprema de Estados Unidos han sostenido que las entradas forzadas sin previo anuncio pueden ser autorizadas por una norma general basada en el tipo de delito o evidencia envuelta. . . .

. . . . . . . . . . . . . . . .

. . . La entrada forzada sin previo anuncio es en sí misma una seria perturbación a la seguridad y no puede ser justificada bajo una norma general. . . . Así como la policía debe tener una justificación particularmente suficiente para entrar, así deben tener alguna razón que justifique la manera escogida."

El presente caso cae claramente en una de las excepciones establecidas a la regla del anuncio de autoridad: el peligro de que los sospechosos destruyeran la evidencia frustrando el propósito de la orden de allanamiento. Su temor no fue uno irrazonable o infundado, siendo éste confirmado posteriormente cuando se intentó destruir y hacer desaparecer la evidencia, arrojándose por la ventana del apartamiento "un gotero, cuenta gotas y una chapita", cogiéndolas en el aire uno de los agentes que había sido situado en la parte posterior del apartamiento.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino.