EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LIZANDRO PÉREZ CRUZ, acusado y apelante.

*Número:* CR-74-45      *Resuelto:* 15 de noviembre de 1974

*Dora Nevárez Muñiz,* abogada del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El caso de autos no plantea cuestiones complicadas de derecho. Revela, no obstante, graves deficiencias en nuestro sistema de impartir justicia que ameritan su señalamiento en una opinión formal.

El 26 de junio de 1968 se sentenció al apelante a cumplir concurrentemente una pena de cinco a ocho años de presidio por los delitos de ocultación y transportación y de posesión de heroína. 24 L.P.R.A. sec. 974z. Apeló de inmediato y el 2 de julio de 1968 se ordenó la transcripción libre de costo.

■ El 9 de noviembre de 1971, poco más de tres años y cuatro meses después, se radicó la transcripción de evidencia. La defensa no expresó reparos a la misma en la fecha señalada para el acto de su aprobación, el 1 de diciembre de 1971, pero se suspendió éste por incomparecencia del fiscal y del juez que entendieron en la causa. De ahí en adelante ocurrieron siete suspensiones más. A pesar de haber sido apercibidos en dichas ocasiones de la necesidad de expresar sus puntos de vista sobre dicha transcripción, ni el juez sentenciador ni el fiscal formularon nunca su posición al respecto, aunque la defensa continuó señalando su conformidad con el récord. Finalmente, ante situación tan insólita, otro juez ordenó, el 2 de mayo de 1974, que se remitiesen los autos a este Tribunal. Para entonces, el juez sentenciador no pertenecía a la judicatura y el apelante había salido del presidio, hallándose en libertad bajo palabra. Quedó sometido el caso a la consideración de este Tribunal, tras la preparación de los alegatos correspondientes, el 16 de octubre de 1974.

■ Censuramos con firmeza esta situación. Justicia lenta no es justicia. Los calendarios de los tribunales del país están abarrotados de causas, pero dicho factor, que explica la tardanza en ciertas circunstancias, no excusa lo ocurrido en este caso. De resolverse que se ha cometido un error sustancial en un cuadro de hechos como el presente, ¿cómo se le devuelven al perjudicado los años perdidos? No es posible una reforma judicial sin el ejercicio de la máxima diligencia por todos los integrantes del sistema.

En lo que concierne al aspecto jurídico de este caso, el principal testigo de cargo, un agente de Rentas Internas, declaró haber salido de ronda por la mañana junto a tres compañeros hacia un sector de Cataño donde tenían conocimiento de que se traficaba en drogas. Al acercarse al sitio observaron al apelante sentado sobre unos anuncios, soñoliento, bajo el

efecto aparente de narcóticos. Tres de los agentes se bajaron del vehículo y caminaron un trecho en dirección al apelante mientras el automóvil continuó su marcha normal. Al percatarse el apelante de la cercanía de los extraños, continuó declarando el agente, lanzó un sobre que tenía hacia unos arbustos. Lo localizó el agente, halló en él diez bolsas de heroína y les avisó a sus compañeros que efectuasen el arresto. También testificó el químico de la policía respecto a la identificación de la droga.

El apelante admitió en el juicio que era adicto y que llevaba consigo las diez bolsas de heroína, pero alegó que no se desprendió de ellas, que lo que ocurrió fue un registro ilegal. La defensa utilizó también como testigo a otro agente que participó en la ronda, pero éste corroboró detalle por detalle el testimonio del principal testigo de cargo.

■ El caso actual es claramente distinguible de *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966) y *Pueblo* v. *González del Valle*, 102 D.P.R. 374 (1974). La prueba de cargo, fortalecida por la de la propia defensa, no fue flaca y descarnada. Es un caso de evidencia lanzada al suelo que, en ausencia de otras consideraciones, puede inducir a sospecha de la posible existencia de testimonio estereotipado. Si se examinan, no obstante, las normas expuestas en *González del Valle*, se observará que no se trata aquí de un testimonio inherentemente irreal o improbable. Tampoco constan en el récord contradicciones, lagunas o vaguedades que maculen la prueba de cargo. Recuérdese, además, nuestra expresión en *González del Valle* al efecto de que una declaración de índole normalmente estereotipada puede perder su condición de tal si se le rodea de suficientes detalles y se va más allá de presentar los datos indispensables para probar los requisitos mínimos del delito. En el caso presente se testificó sobre la composición exacta de la ronda, identificándose los nombres de sus integrantes, se describió su

misión, la hora a que se salió y hacia dónde; y se aportaron otros detalles. Un testigo de la defensa corroboró la prueba de cargo. El propio apelante aceptó que portaba la heroína. No existe base para resolver de modo distinto al efectuado por el juzgador el conflicto de credibilidad que este caso plantea.

Respecto al alegado registro ilegal, debe señalarse que la defensa no hizo la correspondiente moción para la supresión de la evidencia cinco días antes del juicio, según lo requiere la Regla 234 de las de Procedimiento Criminal, ni se dan en este caso las excepciones que dicha regla establece para el incumplimiento de dicho requisito. *Pueblo* v. *Bonet Flores,* 96 D.P.R. 685 (1968).

*Se confirmará la sentencia apelada.*