# 95 DTA 119

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JORGE SANTIAGO AYALA
Peticionario

Núm. KLCE-95-00221

San Juan, Puerto Rico, a 9 de junio de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario de epígrafe recurre ante nos de la resolución emitida por la Honorable Eliadís Orsini Zayas, del Tribunal de Primera Instancia, Sala Superior de Ponce en el caso de *El Pueblo de P.R. v. Jorge Santiago Ayala*, Crim. Núm. JSC94GO781, y JSC94G0782 denegando la moción de supresión de evidencia presentada por él. El peticionario presentó la referida moción al amparo de la Regla 234(f) de Procedimiento Criminal. 34 L.P.R.A. Ap II, R. 34.

Solicita el peticionario que se revoque dicha resolución.

Al peticionario se le imputa infringir los Arts. 401 y 404 de la Ley de Sustancias Controladas. Contra él se formularon las denuncias correspondientes. En la vista preliminar de estos casos se determinó causa probable para acusar en contra del peticionario y quedó citado para el acto de lectura de la acusación.

Se celebró el acto de lectura de la acusación, entregándosele al peticionario los pliegos acusatorios correspondientes. El peticionario señala que inició negociaciones a los fines de obtener un pre-acuerdo con el Ministerio Público. Durante la evaluación por el Ministerio Público de la solicitud de pre-acuerdo, el compareciente no radicó moción solicitando supresión de evidencia. Expresa el peticionario que el día del señalamiento del juicio el Ministerio Público informó su negativa a la solicitud de pre-acuerdo. El peticionario solicitó la transferencia del juicio para otra fecha, alegando que se proponía solicitar reconsideración al Ministerio Público. El tribunal accedió a transferir el juicio de estos casos para el día 16 de marzo de 1995. El 20 de febrero de 1995, el compareciente solicitó reconsideración al Ministerio Público sobre la solicitud de pre-acuerdo, la cual fue denegada. El 10 de marzo de 1995, seis (6) días antes del nuevo señalamiento del juicio, el compareciente radicó la moción solicitando la supresión de la evidencia, objeto de este recurso, la cual fue denegada.

La resolución del tribunal se basó en que la solicitud fue sometida tardíamente, independientemente del derecho que le asiste de levantar cualquier cuestión de credibilidad durante el juicio.

El peticionario recurre en *certiorari* ante nos alegando que erró el Tribunal al denegar la

moción de supresión de evidencia por tardía. Por los fundamentos que más adelante exponemos, procedemos a expedir el auto y revocar la resolución en cuestión.

El peticionario solicita que se suprima la evidencia a base de la Regla 234(f). La alegación presentada va dirigida a atacar la veracidad de la afirmación hecha bajo juramento por el agente.

En *Pueblo v. Cruz Maldonado Rivera*, ___ D.P.R. ___ (1994), **94 J.T.S. 34,** el Tribunal Supremo resuelve que luego de la enmienda a la Regla 234 de Procedimiento Criminal ya no basta con que el promovente de la moción de supresión escrita alegue uno de los fundamentos que se enumeran en la referida regla. Ahora la citada regla exige que se expongan los hechos precisos o razones específicas que sostengan el fundamento o fundamentos en que se basa la moción. El promovente de la misma debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de una vista evidenciaria. Más importante aún, en ausencia de esa demostración por parte de la defensa, el Tribunal deberá poder resolver la moción de supresión a base de los escritos presentados por las partes, esto es, sin la celebración de una vista evidenciaria. El Tribunal Supremo determina que esta norma es congruente con la norma jurisprudencial a los efectos de que el promovente de una moción de supresión en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro e incautación de la evidencia fue irrazonable y por consiguiente, ilegal. *Pueblo v. Vázquez Méndez,* 117 D.P.R. 170, 177 (1986).

En el caso ante nos, los peticionarios expusieron hechos específicos que sostienen su alegación de que la orden de allanamiento fue ilegalmente expedida, tal como lo exige la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. R. 234.

Expedimos con fecha de 11 de mayo de 1995 una Resolución dirigida al Procurador General, ordenando se mostrara causa por la cual no deberíamos revocar la resolución en cuestión. La mencionada Resolución fue notificada con fecha de 18 de mayo de 1995. A la fecha de la presente sentencia ya venció el término concedido. Procedemos a resolver sin la comparecencia del Procurador General. Entendemos que, en lo sucesivo, el Procurador General deberá atender con premura nuestros reclamos.

La Regla 234, *supra*, requiere que la moción de supresión se presente cinco (5) días antes del juicio, a no ser que exista alguna de las excepciones establecidas en la Regla. *Pueblo v. Pérez Cruz,* 103 D.P.R. 44 (1944). Lo que se busca obtener es evitar tener que detener los procedimientos en el caso criminal para resolver una cuestión colateral. De presentarse alguna de las excepciones que establece la citada regla, podrá presentarse la moción de supresión en el acto del juicio, aún cuando se haya presentado y denegado previamente, si de la prueba de cargo surge la ilegalidad del registro. *Pueblo v. Hernández Flores,* 113 D.P.R. 511, 514 (1982).

La radicación de la moción de supresión de evidencia el día 10 de marzo de 1995, seis (6) días antes del señalamiento del juicio, pautado para el 16 de marzo de 1995, cumple con la Regla 234 de Procedimiento Criminal. No es obstáculo, para concluir que la referida moción fue presentada oportunamente, el hecho de que el señalamiento de 16 de marzo de 1995 no fuera el primer señalamiento. La Regla 234 no exige que la moción de supresión se presente cinco (5) días antes del primer señalamiento del juicio.

Por las razones anteriormente expresadas, se expide el auto solicitado y se revoca la resolución recurrida. Proceda el Tribunal de Primera Instancia, Sala Superior de Ponce, a considerar la mencionada moción de supresión de evidencia, según las disposiciones legales aplicables y la jurisprudencia, especialmente *Pueblo v. Cruz Maldonado Rivera, supra.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESOLIO 95 DTA 119**

**1.** Ley Núm. 65 de 5 de julio de 1988 que enmendó el párrafo final de la citada regla expone lo siguiente: *"En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El Tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud".*