# 97 DTA 158

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE PONCE Y AIBONITO
### PANEL I

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JOSE L. RIVERA GONZALEZ Y OTROS
Acusados-Recurridos

Núm. KLCE-97-00332

San Juan, Puerto Rico, a 30 de junio de 1997

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Procurador General nos solicita que revisemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró *"Con Lugar"* la moción de supresión de evidencia presentada por los acusados de epígrafe.

Por las razones que más adelante expondremos, expedimos el auto, revocamos la resolución recurrida y devolvemos el caso al foro de origen para la celebración de una vista evidenciaria en la que se le permita al Ministerio Público presentar su prueba.

### I

Contra los acusados de epígrafe se formularon cargos por infracciones a las secciones 1 y 9 de la Ley Núm. 220 de 15 de mayo de 1948, 33 L.P.R.A. secs. 1247 y 1255. Las acusaciones se produjeron como resultado del diligenciamiento de una orden de allanamiento dirigida contra una residencia ubicada en el Barrio Diego Hernández, del Sector Isleta del Pueblo de Yauco, el 23 de julio de 1996.

Los acusados presentaron una moción solicitando la supresión de la evidencia obtenida en dicho

allanamiento alegando que la actuación del agente que diligenció la orden de allanamiento, Miguel Vázquez San Antonio, fue ilegal e irrazonable, pues éste penetró al interior de la residencia allanada sin anunciar su presencia y propósito antes de irrumpir dentro de la propiedad.

Por su parte, el Ministerio Público presentó una réplica a dicha moción mediante la cual solicitó que se señalara una vista con el propósito de examinar las circunstancias que rodearon la actuación del agente que diligenció la orden de allanamiento, toda vez que de la declaración jurada ofrecida por dicho agente no se desprendía con claridad si, en efecto, éste anunció o no su presencia como policía antes de entrar a la residencia allanada: .

El tribunal *a quo* señaló la vista para discutir la moción de supresión de evidencia para el 25 de febrero de 1997. Llegada esa fecha, comparecieron los acusados con sus respectivos abogados y los agentes del orden público. Sin embargo, el Ministerio Público no pudo estar presente en la vista. ▪ En horas de la tarde, el tribunal *a quo*, sin contar con la presencia del representante del Ministerio Público, decidió celebrar la vista sobre supresión de evidencia y procedió a examinar la declaración jurada ofrecida por el Agente Miguel Vázquez San Antonio. El juez que presidió la vista le preguntó al Agente Vázquez San Antonio, quien se encontraba presente en sala, si variaría las declaraciones que fueron plasmadas en su declaración jurada. El agente contestó que no variaría su declaración. El Tribunal de Primera Instancia dictó entonces una resolución en la cual resolvió lo siguiente:

"*El Tribunal, en razón de lo resuelto en el caso de Wilson v. Arkansas, 115 S. Court 1914, del año 1995, y resultando que el referido agente diligenciante no cumplió con el requisito de tocar a la puerta del inmueble a allanarse como tampoco anunciar su presencia antes de entrar a la misma, "knock and announce" que la referida decisión exige, ordena, en su consecuencia, la supresión de toda la evidencia ocupada, por ser contrario a la doctrina allí establecida.*"

Como se desprende de la referida declaración de dicho agente, y que éste mismo en corte abierta así admitió y corroboró, éste logra la entrada a la referida residencia simplemente entrando a ella sin tocar primeramente a su puerta, como así se exigía por la referida decisión. Los hechos del presente caso son muy similares a los hechos del caso donde se estableció la doctrina del *"knock and announce"* del caso de *Wilson, supra.*

Inconforme con tal dictamen, el Procurador General acude ante nos alegando que:

"*Incurrió en error el Honorable Tribunal de Primera Instancia al ordenar la supresión de la evidencia en este caso, basándose en que no se cumplió con el requisito básico del "knock and announce" establecido en Wilson v. Arkansas, L.Ed. 2d. 976 (1995), disponiendo así de este caso, sin la celebración de la vista evidenciaria solicitada por el Ministerio Público, para dilucidar las excepciones contempladas en dicha jurisprudencia*".

Posteriormente, le concedimos término a la parte recurrida para que expusiera su posición frente al recurso. Dicha parte ha comparecido. Nos encontramos en posición de resolver.

## II

El Artículo II, Sección 10 de la Constitución del Estado Libre Asociado de Puerto Rico promulga que ninguna persona estará sujeta a registros, incautaciones y allanamientos irrazonables. Esta disposición establece que no se violará el derecho de las personas a la protección contra registros irrazonables y que cualquier evidencia obtenida en contravención a dicha sección será inadmisible en los tribunales. *Pueblo v. Malavé González,* 120 D.P.R. 470 (1988); *Pueblo v. Lebrón,* 108 D.P.R. 324 (1979).

La Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 234, según enmendada por la Ley Núm. 65, de 5 de julio de 1988, en lo pertinente, dispone:

"*La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la regla anterior, la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad por cualquiera de los siguientes fundamentos:*

*(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.*

*(b) Que la orden o registro es insuficiente de su propia faz.*

*(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.*

*(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.*

*(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.*

*(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.*

*En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma.* **El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud....** ". (Enfasis nuestro.)

### III

La regla de *"dar a conocer la autoridad"* ■ establece que como parte del requisito de razonabilidad en el diligenciamiento de la orden de allanamiento los agentes del orden público, antes de irrumpir en el lugar que habrá de ser allanado, informen a los ocupantes sobre la autorización judicial que poseen para el registro. Ernesto L. Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Bogotá, 1991, Vol. I, pág. 372. Esta regla no constituye un requisito absoluto. Id.* Se han reconocido ciertas circunstancias en las cuales el anuncio de la autoridad puede dispensarse, como por ejemplo, para evitar aumentar el riesgo o peligro del agente diligenciador de la orden, para evitar la destrucción de la evidencia que se pretende conseguir, o cuando ya las personas con las cuales se va a intervenir estén sobre aviso que se va a efectuar un allanamiento. Véase, *Pueblo v. Bonet Flores,* 96 D.P.R. 685 (1968).

Recientemente, el Tribunal Supremo de Estados Unidos resolvió el caso de *Wilson v. Arkansas, supra,* en el cual estableció lo siguiente:

*"... We hold that in some circumstances an officer's unannounced entry into a home might be unreasonable under the Fourth Amendment.*

*This is not to say, of course, that every entry must be preceded by an announcement. The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests..." Id.,* a la pág. 982.

Además, a la pág. 984, añadió:

*"[W]e leave to the lower courts the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment. We simply hold that although a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry".*

Del texto de la Regla 234 de Procedimiento Criminal, *supra,* se desprende que el tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud de supresión de evidencia. Si bien la celebración de una vista evidenciaria no es obligatoria, la correcta adjudicación de la controversia planteada en el caso de autos requería la celebración de una vista evidenciaria con la comparecencia de ambas partes. Ciertamente, en el caso de autos existía una controversia en lo atinente a si el agente que diligenció la orden de allanamiento había o no anunciado su presencia como agente del orden público antes de entrar a la residencia allanada y en lo que concierne a si estaban o no presentes las excepciones a la regla establecidas jurisprudencialmente. De la declaración jurada

ofrecida por el Agente Vázquez San Antonio no surgían claramente estos hechos. ■

La celebración de una vista en la que esté presente un representante del Ministerio Público y en la que se le permita a éste presentar su prueba y, en específico, interrogar al Agente Vázquez San Antonio sobre las circunstancias específicas que rodearon el momento del diligenciamiento de la orden de allanamiento, es necesaria para la adecuada resolución de la moción de supresión de evidencia. Por tanto, entendemos que erró el tribunal recurrido al celebrar una vista evidenciaria prescindiendo de la participación del representante del Ministerio Público, quien había justificado su incomparecencia a sala el 25 de febrero de 1997.

### IV

Por los fundamentos anteriormente expresados, se expide el auto solicitado, se revoca la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, y devolvemos el caso al foro de origen para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y lo manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 158

**1.** En horas de la mañana se había presentado a sala el Fiscal Edgar Delgado a informar que no podía comparecer a discutir la moción de supresión de evidencia.

**2.** Esta regla es también conocida como el *"knock and announce rule"*.

**3.** La declaración jurada ofrecida por el Agente Vázquez San Antonio dispone, en lo pertinente, que:

*"Que el día 23 de julio de 1996, tomé servicio a las 2:00 p.m. en la División de Drogas y Vicios de Yauco. Que en horas de la tarde se me hizo entrega de una Orden de Allanamiento expedida por la Honorable Joan Vega. Dirigida la misma contra una residencia ubicada en el Bo. Diego Hernández del Sector Isleta del Pueblo de Yauco. Que aprox. a las 9:25 p.m. tuve acceso al interior de la residencia procediendo a identificarme como Policía e indicarle a las personas, las cuales se encontraban en la sala de la residencia, que tenían una Orden de Allanamiento para la misma por la Ley 220..."*