EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTIAGO NIEVES MARZÁN, acusado y apelante.

Núm. 11864.—*Sometido:* Marzo 12, 1947. *Resuelto:* Mayo 8, 1947.

*F. Hernández Vargas*, abogado del apelante; *Hon. Procurador Gene-
ral Interino Luis Negrón Fernández*, y *J. Correa Suárez, Fiscal
Auxiliar del Tribunal Supremo*, abogados de El Pueblo, apelado.

El Juez Asociado Señor de Jesús emitió la opinión del tri-
bunal.

El apelante fué acusado de los delitos de Portar Armas
e Inf. a la Ley Sobre Registro de Armas. Estando íntima-
mente relacionados los dos casos, fueron consolidados para
los efectos del juicio. La evidencia del fiscal consistió en el
testimonio del detective José A. Díaz. Declaró éste que el
día de autos entró en un pequeño establecimiento en la calle
Ferrer, de Santurce, en momentos en que se encontraba allí
el acusado; que éste tenía dos relojes en las manos, los cua-
les mostraba al dueño del establecimiento; que sobre el mos-
trador había una bolsa de papel conteniendo algo; que el
acusado, al ver al testigo, puso una mano sobre la bolsa de
papel; que entonces el testigo le preguntó: "¿Y eso?" y al
sacar el acusado lo que había dentro de la bolsa de papel pudo
darse cuenta que era un revólver; que el testigo se apoderó
del arma y el acusado admitió que era su dueño y que la ha-
bía comprado en Cataño y poco depués le manifestó que la
llevaba para arreglarla. En el acto del juicio, el acusado
admitió que el revólver no estaba registrado. Terminada la
declaración del testigo, el fiscal ofreció el revólver en evi-
dencia. Se opuso la defensa por el fundamento de que esa
prueba había sido ilegalmente obtenida. Resolviendo la cues-
tión, dijo la corte: "No se veía el revólver que tenía. No
hay ninguna duda de que el registro fué ilegal." Sin em-
bargo, declaró con lugar la objeción solamente en cuanto al
caso de portar armas. La defensa ofreció entonces eviden-
cia tendiente a establecer que el acusado no había admitido
ser dueño del revólver. Al terminar la prueba de descargo,

la corte absolvió al acusado del delito de portar armas y lo declaró culpable del de Infracción a la Ley Sobre Registro de Armas. Apeló de la sentencia y su argumentación gira principalmente en torno a si erró o no la corte *a quo* al admitir en evidencia el revólver en el caso de registro de armas, y al admitir la declaración del detective sobre la ocupación del arma, no obstante haber rechazado esa evidencia en el otro caso.

■ Siguiendo el orden lógico, la primera cuestión a resolver es si, suponiendo que el registro del acusado y la ocupación del arma fueron ilegales, procedía objetar a la admisión en evidencia del arma y de la declaración del detective con respecto a la ocupación de la misma, no habiéndose radicado previamente a la oposición una moción para suprimir tal evidencia. La regla general es al efecto de que el procedimiento para impedir que evidencia ilegalmente obtenida sea presentada, es mediante moción radicada antes del juicio en la cual se solicite su supresión. *Pueblo* v. *Capriles,* 58 D.P.R. 548 y *Pueblo* v. *Figueroa,* 59 D.P.R. 918.

■■ En el caso de *Capriles,* supra, al enunciar la regla general al efecto de que la moción debe presentarse antes del juicio, se expuso además una excepción a dicha regla. Esa excepción es al efecto de que, cuando se demuestra o surge de la evidencia que el acusado se enteró por primera vez en el curso del juicio que la evidencia ilegalmente obtenida estaba en poder del fiscal o que existía la intención de presentarla contra él, la moción para suprimirla puede presentarse, aunque haya que hacer una pausa para resolver esta cuestión colateral.

Esta excepción evidentemente está predicada en lo injusto que resultaría en tales casos impedir al acusado invocar la garantía constitucional contra registros ilegales.

Pero la que acabamos de exponer no es la única excepción. Existe otra al efecto de que en los casos en que evidencia ofrecida ha sido ilegalmente obtenida, si mientras se presenta la prueba de cargo surge del examen directo o del de repre-

guntas que la evidencia fué ilegalmente obtenida—como hemos supuesto en el presente caso—y por lo tanto, no es necesario detener los procedimientos en el caso criminal para resolver una cuestión colateral, el acusado puede objetarla, a pesar de que antes del juicio hubiera tenido conocimiento de que tal evidencia se intentaba presentar en su contra y aunque previamente al juicio hubiera solicitado tal supresión y la moción para suprimirla hubiera sido denegada. Como se dijo en *Gouled* v. *United States,* 255 U.S. 298, 312 (1921): "No debe permitirse que una regla de procedimiento por cualquier razón técnica prevalezca sobre un derecho constitucional."(¹) *Agnello* v. *United States,* 269 U.S. 20, 34 (1925); *Amos* v. *United States,* 255 U. S. 313 (1921); *Salata* v. *United States,* 286 F. 125 (C.C.A. 6th., 1923); *Holmes* v. *United States,* 275 F. 49 (C.C.A. 4th., 1921); *Shuck* v. *State,* 59 N. E.2d 124 (Ind. 1945); *State* v. *Raum,* 21 P.2d 291 (Wash. 1933) y *State* v. *Dersiy,* 215 Pac. 34 (Wash. 1923).

Hasta este punto nuestra argumentación ha partido de la hipótesis de que, bajo las circunstancias de este caso, la evidencia a que nos hemos referido fué ilegalmente obtenida. Establecido que la ilegalidad de la forma en que la evidencia fué obtenida puede ser levantada por medio de objeción al ser ofrecida, procede ahora determinar si en efecto esa evidencia fué ilegalmente obtenida.

(¹)Las distintas modalidades de la regla en relación con la supresión de evidencia ilegalmente obtenida, se exponen con toda claridad en el caso de *State* v. *Dersiy,* 215 Pac. 34, en la siguiente forma:

"(1) Cuando por el examen directo o de repreguntas de los testigos de cargo resulta o en cualquier otra forma es admitido, que los artículos que son ofrecidos en evidencia han sido ilegalmente obtenidos, es el deber de la corte sentenciadora, al objetarse a dicha evidencia, rechazar su admisión. No habiendo en tales circunstancias cuestiones de hecho y nada que requiera que la corte haga una pausa en el curso del juicio para juzgar un hecho colateral, la corte sólo tiene que pasar sobre la admisibilidad de evidencia a base de hechos concedidos o admitidos.

"(2) Cuando durante el juicio los artículos ocupados son ofrecidos en evidencia y no resulta de la prueba de cargo o de otro modo, que tales artículos fueron ilegalmente ocupados, y se objeta a la admisión de tal evidencia por haber sido ilegalmente obtenida y el acusado ofrece, por *affidavit,* o de otro

 De la evidencia surge que el acusado y el detective se conocían con anterioridad al día de autos. El detective declaró que conocía al acusado y sabía que vivía a poca distancia del establecimiento donde lo encontró. Y aunque el acusado no declaró expresamente que conocía al detective, su conducta al tratar de protegerse poniendo su mano sobre el saco de papel cuando lo vió entrar al establecimiento, tiende a demostrar que sabía que José A. Díaz era un detective. Ya hemos visto que cuando el detective interrogó al acusado sobre el contenido de la bolsa de papel, el revólver no estaba visible. Tampoco se hallaba el acusado en aquellos momentos bajo arresto. El acusado, en tales condiciones, pudo haberse negado a descubrir el contenido de la bolsa de papel; pero puesto en la alternativa de obedecer pacíficamente al detective o resistir por la fuerza su requerimiento, el optar por lo primero no puede considerarse como una renuncia a su derecho constitucional a no ser registrado bajo las condiciones antes dichas. *Tobin* v. *State*, 255 Pac. 788 (Wyo. 1927).

 Para que un ciudadano pueda invocar la garantía constitucional contra registros ilegales no es necesario que ofrezca resistencia al agente de la autoridad que intente registrarlo sin autoridad legal. Exigir tal resistencia es

---

modo, probar la ilegalidad de la ocupación, la corte debe recibir los artículos en evidencia, porque en esa etapa de los procedimientos no debe detenerse para investigar las circunstancias controvertidas bajo las cuales los artículos fueron ocupados. Cuando un acusado desea suprimir como evidencia los artículos ocupados, debe solicitar su supresión dentro de un tiempo razonable antes de que el caso sea llamado para juicio. De ese modo brinda a la corte una oportunidad de juzgar y resolver la cuestión controvertida de hecho.

"(3) Una excepción a la regla últimamente enunciada es: Cuando durante el juicio del caso, la defensa se opone a la admisión de los artículos en evidencia por el fundamento de que fueron ilegalmente ocupados y ofrece probar que la ocupación fué ilegal y que, mediante el ejercicio de una razonable diligencia no pudo enterarse antes del juicio que los artículos fueron ilegalmente ocupados, la corte debe hacer una pausa en el juicio y determinar las cuestiones colaterales concernientes a la legalidad de la ocupación.''

contrario al orden público puesto que obligaría a ciudadanos pacíficos y obedientes de la ley a arriesgar sus vidas o a exponerse a recibir grave daño corporal para hacer valer su derecho constitucional que puede invocar por los medios ordenados que le brinda la ley. La renuncia a ese derecho constitucional debe quedar establecida por testimonio claro y positivo, pues la mera aquiescencia no constituye una renuncia. 31 *Yale Law Journal*, 518, 520. Por lo tanto, al sacar el revólver de la bolsa de papel en las circunstancias expuestas, el acusado no renunció a su derecho constitucional. Consecuentemente, el registro y la ocupación del arma fueron ilegales y toda evidencia con respecto a la posesión del arma por parte del acusado debió ser suprimida. *Pueblo* v. *Rosado*, 62 D.P.R. 197.

Descartada la evidencia ilegalmente obtenida, no existe prueba suficiente para la convicción del acusado. *Procede, por consiguiente, revocar la sentencia apelada y absolverlo libremente.*