EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ADELAIDA RODRÍGUEZ ZAYAS, acusada y apelante.

Núm. 14185.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 17, 1949.

*Ramón G. Goyco,* abogado de la apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El. Pueblo, apelado,

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La apelante fué acusada de infracción a la Ley núm. 220 de 1948 ((1) pág. 739), aprobada en 15 de mayo y conocida como la Ley de la Bolita, siendo declarada culpable y sentenciada a cumplir seis meses de cárcel.

La prueba demostró que mientras agentes del orden público, previa orden expedida con dicho fin, verificaban el allanamiento y registro de la residencia de José Rivera, la acusada salió corriendo de la casa con una lata de galletas dándole alcance uno de los agentes que realizaba el registro y, tras de ocuparle la lata, al destaparla, encontró dentro de la misma más de seis mil acciones del juego conocido por "boli-pool". La acusada vivía en la casa de Rivera ocupando una de las habitaciones de la misma. Al serle ocupada la lata, no hizo manifestación alguna pero se echó a llorar.

En el caso seguido contra ella se presentó en evidencia el material ocupado en la mencionada lata de galletas, oponiéndose la acusada, por entender que había sido ilegalmente ocupado, por el fundamento de que la orden de allanamiento no iba dirigida contra ella. En este recurso expone como errónea la actuación de la corte al admitir la evidencia mencionada.

Es insostenible la contención de la apelante. En primer término, su oposición a la admisión de la evidencia fué tardía. Ella sabía, desde el momento en que le fué ocupado el material que contenía la lata, que el mismo podía ser ofrecido en el juicio como prueba. Si pretendía atacar su ocupación y obtener su supresión como prueba, debió haberlo hecho antes del juicio. *Pueblo v. Nieves,* 67 D.P.R. 305; *Pueblo v. Figueroa,* 59 D.P.R. 918 y *Pueblo v. Capriles,* 58 D.P.R. 548.

No surgen de los hechos probados las excepciones a la regla general a que hicimos referencia en los casos de *Nieves* y *Capriles,* supra.

 Se demostró que se estaba realizando un allanamiento de una casa cumpliéndose con los términos de la ley, pues se había obtenido la orden correspondiente. Bajo estas circunstancias, si una de las personas que vive en la casa allanada sale corriendo con un bulto en las manos, los agentes que realizan el allanamiento están autorizados para detenerla y registrar el bulto que dicha persona trate de sacar de la casa. *Munson* v. *Commonwealth,* 256 S.W. 393, en el que se resolvió que, cuando agentes del orden público provistos con una orden de allanamiento contra X, tocaron a la puerta de la casa donde vivían X y su hermano Z y éste salió de la casa corriendo con una maleta y al ser detenido la tiró encontrándose que la misma contenía licores, el registro no era ilegal pues el hecho de Z tratar de huir constituía un elemento importante en el caso y que la evidencia era competente y admisible. Aun cuando la situación no es igual a la del presente caso, hemos resuelto en el de *Pueblo* v. *Sierra, Jr.,* 49 D.P.R. 510, 512, que:

 " * * * * * * *

"El hecho de que se librara una orden de allanamiento para registrar la casa de Juan Sierra Alvira y de que se haya acusado de la comisión del delito a Juan Sierra Córdova, no constituye error si en realidad este último tenía establecida en dicha casa una lotería clandestina prohibida por la ley. Lo natural y lo lógico es que la orden de allanamiento en un caso de esta naturaleza se libre contra la persona que ocupa la casa. Si en ella aparece la prueba que se busca y resulta culpable otra persona, ésta no tiene derecho a impugnar el allanamiento bajo el pretexto de que no ha sido dirigido contra ella. . . ."

Si el registro efectuado en este caso no se sostuviera como legal, se burlarían la mayor parte de los allanamientos, pues fácilmente podrían sacarse del local que se trata de registrar en el momento en que se realiza el registro, el mate-

rial ilegalmente poseído. Una orden de allanamiento expedida para registrar una casa, sin que la orden se limite a determinada habitación o parte de la misma, cubre todo lo que se encuentra en la casa cuando se va a realizar el registro. En igual forma cubre todo objeto que se trate de sacar de ella en los momentos en que se está verificando el registro. Si en el caso de autos, la lata hubiera permanecido dentro de la casa, no hay duda alguna de que hubiera podido ser ocupada por la policía. Al correr la apelante con la lata, sacándola de la casa en el momento en que se realizaba el registro, cometió el delito de portar, en presencia de los policías, el material que le fué ocupado dentro de la lata, o sea más de seis mil acciones de "bolipool".

Los casos de *Pueblo* v. *Rosado,* 62 D.P.R. 197 y *Pueblo* v. *Nieves,* supra, citados por la apelante, por sus hechos, son fácilmente distinguibles e inaplicables al presente.

*Debe confirmarse la sentencia.*