EL PUEBLO DE PUERTO RICO, apelado, *v.* JOSÉ HERNÁNDEZ FLORES, acusado apelante.

*Número:* CR-81-85      *Resuelto:* 5 de noviembre de 1982

*Miguel Pagán, Procurador General Interino,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo; *Alfredo Cardel Matos,* abogado del apelante.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Este caso presenta la cuestión de si un acusado, a quien se le niega antes del juicio una moción de supresión de prueba por registro ilegal, puede reanudar su reclamo en el acto del juicio.

Tras de obtener la correspondiente orden de allanamiento, el agente Irizarry Vélez detuvo y registró el vehículo que conducía el apelante y ocupó picadura de marihuana, un estuche de papel "bambú" y unas pinzas niqueladas. Unas semanas antes de la celebración del juicio, el acusado solicitó la supresión de la prueba ocupada. En apoyo de su moción adujo que la orden de registro era nula de su propia faz, que la declaración jurada en que se fundó era falsa y que no hubo causa probable para expedirla. En la vista señalada para resolver la moción, el acusado presentó prueba, parte de la cual consistió en el testimonio del agente Miguel González, firmante de la referida declaración jurada. El tribunal declaró sin lugar la moción.

En la vista del caso en su fondo, el Ministerio Público utilizó como único testigo al señor Irizarry Vélez. Su otro testigo, el agente Miguel González, fue puesto a la disposición de la defensa. La defensa lo llamó a declarar y comenzó a interrogarlo sobre las declaraciones hechas por él para que se expidiese la orden de allanamiento. El Ministerio Público objetó debido a que el asunto había sido discutido y resuelto previamente. La defensa expresó que estaba sentando las bases para demostrar, mediante nueva prueba, que el registro fue ilegal. La defensa no explicó al tribunal

de instancia, como tampoco a esta Corte, cuál era la nueva prueba en que fundaba su segunda moción de supresión.

El acusado fue declarado culpable. Su contención principal ante este foro es que erró el tribunal al no permitirle reproducir durante el juicio su moción de supresión de evidencia, alegadamente fundada en prueba adicional, por el hecho de haber rechazado su moción original al mismo efecto.

■ La Regla 234 de Procedimiento Criminal expresa:

La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la regla anterior la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se hará cinco días antes del juicio a menos que no hubiere oportunidad para ello o que al acusado no le constaren los fundamentos de la moción, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal.

Se advertirá que la Regla 234, aunque provee para situaciones en que pueda requerirse, por primera vez, en el acto del juicio la supresión de evidencia obtenida ilegalmente, nada dispone sobre la facultad de reiterar el planteamiento y exigir que se resuelva *de novo* después de su denegación con anterioridad a la vista de la causa. Las Reglas 12 y 41(f) de Procedimiento Criminal federal tampoco tratan el problema.

En *Pueblo* v. *Nieves,* 67 D.P.R. 305, 307–308 (1947), afirmamos:

> . . . en los casos en que evidencia ofrecida ha sido ilegalmente obtenida, si mientras se presenta la prueba de cargo surge del examen directo o del de repreguntas que la evidencia fue ilegalmente obtenida —como hemos supuesto en el presente caso— y por lo tanto, no es necesario detener los procedimientos en el caso criminal para resolver una cuestión colateral, el acusado podrá objetarla, a pesar de que antes del juicio hubiera tenido conocimiento de que tal evidencia se intentaba presentar en su contra y aunque previamente al juicio hubiera solicitado tal supresión y la moción para suprimirla hubiere sido denegada.

En *Pueblo* v. *Villariny,* 71 D.P.R. 741, 745–746 (1950), expresamos:

> El hecho de que el acusado hubiera radicado una moción sobre supresión de la prueba el mismo día de la vista y que, por este motivo, fuera desestimada dicha moción, no era un impedimento para solicitar su supresión durante el juicio si en el curso de éste se hubiera demostrado la ilegalidad de la ocupación. (Escolios omitidos.)

■ Resulta claro que en Puerto Rico la moción de supresión de prueba puede presentarse en el acto del juicio, aun cuando se haya presentado y denegado previamente, si de la prueba de cargo —el examen directo y la repregunta— surge la ilegalidad del registro. Hemos expuesto la norma de *Nieves* y *Villariny* en repetidas ocasiones. *Pueblo* v. *Dolce,* 105 D.P.R. 422, 425–426 (1976); *Pueblo* v. *Díaz*

*Cintrón*, 91 D.P.R. 146, 149 (1964); *Pueblo* v. *Barrios*, 72 D.P.R. 171, 173–174 (1951).

Los hechos del caso ante nosotros presentan, sin embargo, una situación distinta. No se trata aquí de un pleito en que, conforme al ámbito en que opera la norma de *Nieves* y *Dolce*, la ilegalidad de la obtención de la evidencia surge de la prueba del fiscal. Se trata de precisar más bien otras circunstancias en que puede o no reproducirse una moción de supresión de prueba.

■ Excepto en las jurisdicciones en que se exige tal reiteración en el juicio para preservar los derechos de los acusados bajo la Enmienda Cuarta, los tribunales no favorecen la reconsideración de mociones de supresión de prueba. W. R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, St. Paul, Minn., West Publishing Co., 1978, Vol. 3, Sec. 11.2(f), págs. 524–527; *Jones* v. *United States*, 362 U.S. 257, 264 (1960); revocado sobre otros particulares, *United States* v. *Salvucci*, 448 U.S. 83 (1980); *State* v. *Pope*, 224 N.W.2d 521, 525–526 (1974); *United States* v. *Montos*, 421 F.2d 215, 220 (5th Cir. 1970), *cert.* denegado, 397 U.S. 1022 (1970).

■ Tal precepto general no representa una regla inflexible. Hay derechos constitucionales en juego. En *Gouled* v. *United States*, 255 U.S. 298, 312–313 (1921), caso que influye en *Nieves*, se dijo:

> . . . cuando en el curso de un juicio surge la probabilidad de que haya habido un incautamiento ilegal de documentos, el tribunal de instancia deberá permitir que se objete su admisión o se solicite su exclusión y deberá resolver el asunto aun cuando la moción para la devolución de lo incautado se haya denegado antes del juicio.

*Gouled* ha sido reafirmado en otros casos. *Cogen* v. *United States*, 278 U.S. 221, 224 (1929); *Lawn* v. *United States*, 355 U.S. 339, 353–354 (1958); *DiBella* v. *United States*, 369 U.S. 121, 129 (1962); *Rouse* v. *United States*, 359 F.2d 1014 (D.C.

Cir. 1966). Véase: *United States* v. *Raddatz*, 447 U.S. 667 (1980).

En *Rouse*, supra, se expresó:

Una resolución sobre una moción de supresión de prueba no obliga al juez en toda circunstancia. Nuevos hechos, nueva luz sobre la credibilidad de los testigos de cargo u otras materias que surjan en el juicio pueden arrojar dudas sobre la resolución anterior. En tal caso el juez de instancia tiene el deber de considerar *de novo* la procedencia de la supresión y, si necesario, celebrar una vista en ausencia del jurado. (Escolios omitidos.) Págs. 1015–1016.

Las excepciones a que aluden *Gouled, Rouse* y casos análogos no operan, sin embargo, automáticamente. No basta con su invocación desnuda. La defensa tiene que poner al tribunal en condiciones de resolver que las circunstancias específicas del caso ameritan o exigen que se permita reproducir la moción de supresión de prueba. *United States* v. *Montos,* supra, pág. 220; *United States* v. *Quiroz-Carrasco,* 565 F.2d 1328, 1330 (5th Cir. 1978); *United States* v. *Chapling,* 427 F.2d 14, 15 (2nd Cir. 1970), *cert.* denegado, 400 U.S. 830 (1970); C. A. Wright, *Federal Practice & Procedure,* St. Paul, Minn., West Publishing Co., 1982, Sec. 676, pág. 788 *et seq.*; Moore's Federal Practice, 2da ed., New York, Matthew-Bender, 1983, Vol. 8B, Sec. 41.24, pág. 41-304 *et seq.*

En el caso presente la defensa se limitó a afirmar escuetamente que contaba con prueba adicional para probar la ilegalidad del registro. No especificó entonces ni ahora en qué consiste tal prueba. El juez, por otro lado, tenía ante sí un registro realizado después de una orden de allanamiento. Se insistía en interrogar al propio testigo que la defensa utilizó en la vista de supresión de evidencia, sin explicación anclada en hechos concretos. En tales circunstancias el acusado no gozaba de un derecho indenegable a reproducir su moción de supresión de evidencia.

*Se confirmará la sentencia recurrida.*