EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Juan Gabriel Rivera Surita<br><br>Peticionario | Certiorari<br><br>2019 TSPR 113<br><br>202 DPR _____ |

Número del Caso:  CC-2018-327

Fecha: 14 de junio de 2019

Tribunal de Apelaciones:

    Región Judicial de Mayagüez – Utuado, Panel XI

Abogados de la parte peticionaria:

    Lcdo. Ivándeluis Miranda Vélez
    Lcdo. Harry N. Padilla Martínez

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

Materia: Derecho Procesal Penal – Determinación de cuándo se activan los cinco (5) días para presentar la moción de supresión de evidencia. Interpretación de la frase "antes del juicio" de la Regla 234 de Procedimiento Criminal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                     CC-2018-327     Certiorari

Juan Gabriel Rivera Surita

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 14 de junio de 2019.

En esta ocasión tenemos la oportunidad de interpretar si la frase "antes del juicio" que dispone la Regla 234 de Procedimiento Criminal (Regla 234)[1] para presentar una moción de supresión de evidencia dentro del término de 5 días está atada al primer señalamiento notificado por el Tribunal de Primera Instancia. Contestamos en la negativa.

Resolvemos que es oportuna la moción de supresión de evidencia presentada por lo menos 5 días antes del señalamiento que, **en efecto**, inicie el juicio.

_____
[1] 34 LPRA Ap. II, R. 234.

# I

Contra el Sr. Juan Gabriel Rivera Surita (peticionario) se presentaron varias denuncias por infracciones a la Ley de Sustancias Controladas y la Ley de Armas de 2000.[2] Las denuncias tuvieron como base 3 órdenes de registro y allanamiento diligenciadas en distintos lugares. Durante el diligenciamiento de las órdenes se ocuparon armas de fuego, municiones, sustancias controladas y su correspondiente parafernalia.

Luego de la celebración de la vista preliminar, el foro de instancia, por primera vez, notificó el señalamiento del juicio para el **10 de marzo de 2017.** Llegada esta fecha, se celebró una conferencia con antelación al juicio porque el Ministerio Público no había completado el descubrimiento de prueba ni había replicado a la moción al amparo de la Regla 64(p) de Procedimiento Criminal.[3] Por ello, el tribunal de instancia señaló otra conferencia con antelación al juicio para el 6 de abril de 2017. Posterior a estas vistas, se celebraron 3 conferencias con antelación al juicio adicionales con el fin de que las partes acreditaran que el descubrimiento de prueba había concluido. En la última conferencia, el tribunal de instancia señaló, por segunda ocasión, la

---

[2] Las 38 denuncias estuvieron relacionadas con infracciones a los Arts. 401 y 412 de la Ley de Sustancias Controladas, según enmendada, Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2401 y 2411b y los Arts. 5.06, 5.07, 5.10(b) y 6.01 de la Ley de Armas de 2000, Ley Núm. 404-2000, 25 LPRA secs. 458e, 458h, 458i, 459.

[3] 34 LPRA Ap. II, R. 64(p).

fecha para el juicio, esta vez para el **11 de septiembre de 2017**. Así el trámite, 6 días antes del juicio, el **5 de septiembre de 2017**, la Defensa presentó una moción de supresión de evidencia.[4]

Ahora bien, el día del juicio, el peticionario solicitó al foro de instancia la resolución de unas mociones pendientes, entre éstas, la solicitud de supresión de evidencia. No obstante, el tribunal recurrido, acogió el argumento del Ministerio Público quien manifestó que la Defensa presentó de manera tardía la moción de supresión de evidencia toda vez que tenía hasta 5 días antes del primer señalamiento del juicio pautado el 10 de marzo de 2017. De este modo, el foro de instancia determinó que no hubo justa causa para la presentación de la moción de supresión e indicó que retrasaba el proceso.[5] Sin embargo, debido a que el Ministerio Público expuso que no estaba preparado para comenzar el juicio, el tribunal de instancia nuevamente **señaló la celebración del juicio para los días 25 al 29 de septiembre de 2017**.[6]

---

[4] *Moción solicitando supresión de evidencia*, Apéndice de la Petición de *certiorari*, pág. 129.

[5] Surge de la *Minuta/Resolución* que, con relación a la moción de supresión de evidencia, el Ministerio Público planteó que ésta debió presentarse 5 días antes del primer señalamiento del juicio. Entretanto, el Sr. Juan Gabriel Rivera Surita (peticionario) expresó que la presentación de la moción en esa fecha se debió a que tuvieron que visitar varios lugares, ver unos vídeos y examinar la extensa prueba documental. *Véase Minuta/Resolución* del 11 de septiembre de 2017, Apéndice de la Petición de *certiorari*, págs. 179-181.

[6] Íd. El Ministerio Público arguyó que le faltaban testigos y fotos.

Oportunamente, el peticionario recurrió ante el Tribunal de Apelaciones, pero ese foro determinó no expedir el recurso de *certiorari.* Inconforme, el peticionario acudió ante esta Curia mediante el recurso que nos ocupa y, en síntesis, argumentó que los foros inferiores erraron al denegar la moción de supresión de evidencia, toda vez que: (1) el primer señalamiento se suspendió porque el descubrimiento de prueba no había concluido; (2) el peticionario solicitó la supresión de evidencia 6 días antes de la fecha señalada para el inicio del juicio y, además, se le exigió innecesariamente la acreditación de justa causa, y finalmente (3) como el Ministerio Público no estaba preparado, fijó un nuevo señalamiento para el juicio, sin reconsiderar la denegatoria de la solicitud de supresión de evidencia.

Entretanto, el Ministerio Público esbozó que las Reglas de Procedimiento Criminal para garantizar el derecho del acusado a un juicio rápido contienen unos términos específicos y cortos. Afirma que, de una evaluación de las reglas que regulan los términos de las mociones que deben presentarse posterior al acto de lectura de acusación, debe concluirse que la intención del legislador se refiere a que la moción de supresión de evidencia debe presentarse tan pronto hay un señalamiento para el juicio. Es decir, 5 días antes del primer señalamiento del juicio. Por ello, aduce que la posposición del juicio no puede proveerle al acusado la

oportunidad de revivir un ejercicio renunciado tácitamente al no presentar la moción de supresión de evidencia en el término que establece el ordenamiento procesal penal. En su análisis, el Ministerio Público alegó que la Defensa presentó la moción de supresión de evidencia 215 días desde el acto de lectura de acusación y 179 días después del primer señalamiento del juicio.

Expedido y perfeccionado el recurso, nos encontramos en posición de resolver la cuestión planteada a este Tribunal.

## II

La Cuarta Enmienda de la Constitución de Estados Unidos y la Sec. 10, Art. II de nuestra Carta Magna protegen el derecho del pueblo contra registros, incautaciones y allanamientos irrazonables.[7] De modo que la

---

[7] _Pueblo v. Nieves Vives_, 188 DPR 1, 11-12 (2013). Específicamente la Cuarta Enmienda de la Constitución de Estados Unidos, dispone que:

> No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra registros y allanamientos irrazonables, y no se expedirá mandamiento, sino en virtud de causa probable, apoyado por juramento o promesa, y que describa en detalle el lugar que ha de ser allanado y las personas o cosas que han de ser detenidas o incautadas.

USCA, Enmd. IV.

Entretanto, la Sec. 10, Art. II de nuestra Carta Magna establece lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
>
> .    .    .    .    .    .    .    .
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el

evidencia que el Estado obtenga en violación a estas disposiciones será inadmisible en los tribunales. Hemos señalado que esta protección tiene 3 objetivos: "[(1)] disuadir a los funcionarios del orden público para que no violen la Constitución, [(2)] proteger la integridad de los tribunales al no permitir que en los procesos judiciales se utilice evidencia obtenida ilegalmente, y [(3)] evitar que el Estado se beneficie de sus propios actos ilegales".[8] Ahora bien, es mediante el mecanismo procesal que provee la Regla 234, *supra*, que el agraviado puede reclamar la referida protección constitucional. En esencia, para poder presentar una moción de supresión de evidencia es necesario que existan los fundamentos para invocarla, la inclusión de los hechos específicos en los cuales se sostiene y presentarla 5 días antes del juicio porque, de lo contrario, tiene que existir alguna de las excepciones que permite el ordenamiento procesal penal.[9]

---

lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.

Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 336.

[8] Pueblo v. Nieves Vives, *supra*, pág. 23.

[9] En lo pertinente, la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, R. 234 (Regla 234), dispone lo siguiente:

La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de

La controversia que se encuentra ante nuestra consideración requiere que, en primer lugar, interpretemos la frase "antes del juicio" que dispone la Regla 234, *supra*.[10] Además, resulta necesario determinar cuándo se activan los 5 días para presentar la moción de supresión

_____

la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o los fundamentos en que se basa la misma. […]

.     .     .     .     .     .     .     .

[…]La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que el acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal.

32 LPRA Ap. II, R. 234.

[10] Si bien es cierto que en el pasado hemos interpretado la frase "antes del juicio", lo hemos hecho en el contexto de una causa de acción de desahucio. En esencia, y apoyados en decisiones de otras jurisdicciones, expresamos que "antes del juicio" significa "antes de la sumisión, y dice que un caso ha sido sometido después que la corte lo ha tomado para su resolución al terminar la prueba y los argumentos". Argüelles v. Cosme, 44 DPR 169, 170 (1932).

de evidencia. Para ello, inicialmente, examinaremos los orígenes de la redacción de la regla procesal.

**A. <u>Los orígenes de la Regla 234 de Procedimiento Criminal</u>**

Es conocido que la Regla 234, *supra*, proviene de la Regla 41(e) de Procedimiento Criminal Federal[11] y de los artículos 517, 518 y 518-A del Código de Enjuiciamiento Criminal.[12] En cuanto al momento para presentar la solicitud de supresión de evidencia, el Art. 518-A(b) del Código de Enjuiciamiento Criminal, *supra*, establecía lo siguiente:

> (a) […]
>
> (b) **<u>La moción a estos fines deberá presentarse en cualquier momento en fecha anterior a la señalada para la vista del juicio</u>**, a menos que no se hubiere presentado una oportunidad para hacerlo antes de dicho momento o si el acusado no tuviere conocimiento de los fundamentos en que se basa la moción con anterioridad a dicho momento, y en todo caso la corte tendrá discreción para considerar una moción de esta naturaleza durante el juicio. (Énfasis nuestro).[13]

Este articulado se añadió al Código de Enjuiciamiento Criminal mediante la aprobación de la Ley Núm. 91 de 22 de junio de 1957 y como resultado de nuestra decisión en <u>Pueblo v. Villariny</u>, 71 DPR 741 (1950). Entre las cuestiones que atendimos en aquella ocasión, y a pesar del lenguaje de la regla (que, incluso, no contenía un

---

[11] Véase *Historial* de la Regla 234, 32 LPRA Ap. II, R. 234.

[12] 34 LPRA ant. secs. 1827, 1828 y 1828-A (derogadas). Véase <u>Pueblo v. Dolce</u>, 105 DPR 422, 425 (1976).

[13] 34 LPRA ant. sec. 1828-A(b) (derogada).

término específico), reiteramos que la moción para suprimir la prueba debía presentarse **antes del juicio**.[14] Es decir, previo a que la Legislatura añadiera el Art. 518-A(b) del Código de Enjuiciamiento Criminal, *supra*, este Tribunal había interpretado que la moción debía presentarse antes del juicio en el cual se solicita la supresión.[15]

Por otro lado, el término para presentar la moción de supresión de evidencia surgió del Informe que en el 1958 la Comisión de Procedimiento Criminal de la Conferencia Judicial de Puerto Rico (Comisión) presentó ante este Tribunal para el Proyecto de las Reglas de Procedimiento Criminal (Proyecto). Dentro de las recomendaciones, la Comisión entendió prudente derogar, entre otras disposiciones, los Arts. 517, 518, 518-A del Código de Enjuiciamiento Criminal, *supra*.[16]

Al revisar la propuesta relacionada a la solicitud de supresión de evidencia, la Comisión expresamente dispuso que "**[l]a moción se hará cinco días antes del**

---

[14] En <u>Pueblo v. Nieves</u>, 67 DPR 305, 307 (1947) ratificamos la norma de <u>Pueblo v. Capriles</u>, 58 DPR 548 (1941) concerniente a que "[l]a regla general es al efecto de que el procedimiento para impedir que evidencia ilegalmente obtenida sea presentada, es mediante moción radicada antes del juicio en la cual se solicite su supresión".

[15] Íd.

[16] Las razones para tomar esa decisión se relacionaron a que las disposiciones de los artículos: (1) estaban cubiertas en las reglas propuestas; o (2) eran innecesarias o indeseables; o (3) que su contenido era de formularios, y finalmente (4) que estaban implícitamente derogadas por legislación anterior. Véase *Texto del Informe rendido al Tribunal Supremo de Puerto Rico proponiendo las Reglas de Procedimiento Criminal para el Tribunal General de Justicia*, noviembre de 1958, págs. 1-2.

**juicio**". (Énfasis nuestro).[17] Así, el término se adoptó en el Proyecto y, luego de varias modificaciones, finalmente las Reglas de Procedimiento Criminal entraron en vigor en 1963.[18] Desde entonces, hemos expresado que "la moción sobre supresión de prueba **debe instarse por lo menos cinco días antes del juicio**". (Énfasis nuestro).[19]

Posteriormente, la Regla 234, *supra*, sufrió una enmienda mediante la aprobación de la Ley Núm. 65 de 5 de julio de 1988 para, entre otros asuntos, establecer el requisito de especificidad del contenido de la moción de supresión de evidencia y que ésta "**se presentará cinco (5) días antes del juicio** …". (Énfasis nuestro). Este historial refleja que, desde el Informe de la Comisión 1958 hasta el presente, el lenguaje tanto del término como del momento para presentar la moción no ha cambiado. Asimismo, de la redacción de la Regla 234, *supra*, no surge

---

[17] Íd., pág. 141.

[18] Nótese que las Reglas de Procedimiento Criminal de 1963, según enmendadas, establecen la trayectoria de aprobación de la siguiente manera:

> Adoptadas por el Tribunal Supremo el 21 de enero de 1960. Desaprobadas por la Asamblea Legislativa mediante la Ley Núm. 76 de 13 de junio de 1960. Adoptadas por el Tribunal Supremo el 27 de diciembre de 1960. Desaprobadas por la Asamblea Legislativa mediante la Ley Núm. 127 de 27 junio de 1961. Adoptadas por el Tribunal Supremo el 7 de febrero de 1962. Desaprobadas por la Asamblea Legislativa mediante la Ley Núm. 86 de 21 de junio de 1962. Adoptadas por el Tribunal Supremo el 5 de febrero de 1963. Enmendadas por la Asamblea Legislativa mediante la Ley Núm. 87 de 26 junio de 1963. Entraron en vigor sesenta (60) días después de la terminación de la sesión, al no haber sido desaprobadas por la Legislatura, a tenor con el Art. V, Sec. 6 de la Constitución de Puerto Rico.

https://www.ramajudicial.pr/leyes/Reglas-de-Procedimiento-Criminal.pdf, esc. 1 (última visita 18 de enero de 2019).

[19] Pueblo v. Rey Marrero, 109 DPR 739, 752 (1980).

que la presentación de la moción de supresión de evidencia esté sujeta a un señalamiento del juicio en particular. Debido a las implicaciones que tiene la solicitud de supresión de evidencia es que resulta necesario interpretar el significado de "antes del juicio" y, consecuentemente, descifrar cuál es el efecto del señalamiento del juicio con relación al término de 5 días que dispone la Regla 234, *supra,* para presentar la moción para suprimir la prueba.

**B.    Hermenéutica del ordenamiento procesal penal**

El derecho procesal penal se define como "aquella área del derecho público constituida por el conjunto de disposiciones estatutarias y decisiones jurisprudenciales, cuyo propósito es regular el proceso mediante el cual el Estado identifica, enjuicia y penaliza a la persona que ha cometido un delito".[20] Entretanto, "[l]as Reglas de Procedimiento Criminal son un cuerpo de normas cuyo objetivo es regular el procedimiento mediante el cual la ley penal sustantiva es aplicada en Puerto Rico".[21] De manera paralela, el derecho procesal penal está condicionado sustancialmente por las garantías constitucionales tanto en la etapa investigativa como en la adjudicativa.[22]

---

[20] Pueblo en interés menores C.L.R. y A.V.L., 178 DPR 315, 326 (2010).

[21] *Informe de las Reglas de Procedimiento Criminal de 2018*, Secretariado de Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, 2018, pág. 2.

[22] Íd.; E.L. Chiesa Aponte, Procedimiento criminal y la constitución: etapa investigativa, San Juan, Situm, Ed. 2017, Sec. 1.1, pág. 17.

La protección constitucional contra registros, incautaciones y allanamientos irrazonables que se invoca mediante la Regla 234, *supra*, debe siempre intentar armonizarse con la premisa de que las Reglas de Procedimiento Criminal "[s]e interpretarán de modo que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados".[23] Dicho de otro modo, el texto del ordenamiento procesal penal debe interpretarse de manera integral, ajustando su alcance mientras vigilamos que se cumplan con todas las garantías constitucionales que en ellas se pretenden proteger.[24]

Cónsono con ese alcance pretendido, nuestro ordenamiento jurídico establece que si la ley es clara, libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su espíritu.[25] En cuanto a las palabras de una norma vinculante, y como regla general, éstas deben ser entendidas en su más corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces.[26] En asuntos de lo penal, tema germano a la materia del procedimiento

---

[23] 34 LPRA Ap. II, R.1.

[24] Pueblo v. Nieves Vives, *supra*, pág. 20; Pueblo v. Lebrón, 141 DPR 736, 746 (1996), opinión concurrente del Juez Asociado Señor Hernández Denton.

[25] Art. 14 del Código Civil de Puerto Rico, 31 LPRA sec. 14. Sobre este particular, este Foro ha expresado que esta disposición aplica "lo mismo a las leyes penales que civiles". Meléndez v. Tribunal Superior, 90 DPR 656, 660 (1964).

[26] Art. 15 del Código Civil de Puerto Rico, 31 LPRA sec. 15.

criminal, la interpretación de las palabras y frases se hará según el contexto y significado sancionado por el uso común y corriente.[27] Asimismo, las palabras y frases técnicas se interpretarán según el significado y la acepción que tengan admitidas por los peritos en la profesión a la cual se refieran.[28]

Hay que tener presente, además, que al momento de este Tribunal adoptar las reglas procesales para los tribunales, nuestra obligación constitucional nos prohíbe

---

[27] Art. 12 del Código Penal de Puerto Rico, 33 LPRA sec. 5012. Es importante señalar que, a pesar de que ahora atendemos una regla procesal criminal, en Pueblo v. Sierra Rodríguez, 137 DPR 903 (1995), adoptamos los criterios que este Tribunal considerará al momento de interpretar una norma sustantiva de derecho penal. En esa oportunidad señalamos que:

[El Art. 12 del Código Penal] contiene los dos (2) criterios que serán aplicados en la interpretación judicial de los estatutos penales: la interpretación gramatical y la interpretación declarativa. La interpretación gramatical se refiere a que el juez habrá de examinar el significado gramatical de las palabras y la sintaxis de las oraciones en la ley. Si de este análisis surge una interpretación clara y aceptable, concluye la interpretación. Ahora bien, las palabras en un estatuto pueden tener un significado técnico o común. Cuando se trata de términos técnicos, éstos se deben interpretar dentro del contexto en que aparecen en la ley, a menos que el legislador haya establecido una definición en particular. De otra parte, si se trata de vocablos extrajurídicos que [pertenecen] al lenguaje común, entonces se les dará el significado que le concede el uso corriente. La interpretación declarativa, por su parte, es la que se hace en términos del resultado. Ésta es la interpretación en la cual el juez aplica la ley estableciendo una correspondencia exacta entre las palabras y el espíritu de la ley. Esta interpretación declarativa, a su vez, puede ser restrictiva o extensiva. La restrictiva consiste en limitarse a entender las palabras en su sentido por considerar que éstas son la única expresión de la voluntad del legislador. La extensiva ocurre cuando la letra de la ley no expresa claramente el contenido de la voluntad legislativa y, por lo tanto, se hace necesario interpretar la ley para determinar cuál es dicha voluntad. Para hacerlo, los informes que acompañaron al proyecto de ley y su historial legislativo resultan ser de gran utilidad. (Citas omitidas). Íd., págs. 907-908.

[28] Art. 16 del Código Civil de Puerto Rico, 31 LPRA sec. 16.

menoscabar, ampliar o modificar derechos sustantivos de las partes.[29] De igual modo, los jueces de los foros inferiores, en el ejercicio de interpretar las Reglas de Procedimiento Criminal no pueden menoscabar la protección constitucional que se reclama mediante la solicitud de supresión de evidencia ni por *fiat judicial* intercalar "limitaciones y cualificaciones restrictivas de su alcance que el Legislador no tuvo a bien imponer".[30] Es decir, si el lenguaje del texto de un estatuto es claro e inequívoco, "los tribunales no deben intercalar palabras ni suplir omisiones al interpretarlo".[31] Esto responde a que "[el] juez es un intérprete, y no un creador".[32]

Al evaluar el trámite judicial, específicamente para llevar a cabo el acto del juicio, es necesario que el foro de instancia notifique el señalamiento. Por ello, antes de continuar, examinaremos brevemente los conceptos "señalamiento" y "juicio" dentro del contexto de nuestro lenguaje jurídico. En primer lugar, se define **señalamiento** como "la acción y efecto de señalar un pleito para juicio".[33] Entretanto, **señalar** es "fijar, hora, día, mes y

---

[29] Art. V, Sec. 6., Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 428.

[30] Román v. Superintendente de la Policía, 93 DPR 685, 686 (1966).

[31] Yiyi Motors, Inc. v. ELA, 177 DPR 230, 249 (2009) citando a Irizarry v. J & J Cons. Prods. Co., Inc., 150 DPR 155, 165 (2000).

[32] Clínica Juliá v. Sec. De Hacienda, 76 DPR 509, 521 (1954).

[33] I. Rivera García, Diccionario de términos jurídicos, 3ra ed., San Juan, Ed. Lexis Nexis, 2000, pág. 256.

lugar para celebrar el juicio[…]".[34] Finalmente, **juicio** es una "audiencia pública ante un juez debidamente autorizado, en la cual las partes litigantes presentan sus alegaciones y pruebas, luego de lo cual el juez decide".[35] De lo anterior podemos colegir que el "**señalamiento del juicio**" es el acto y efecto de fijar hora, día, mes y lugar para la celebración de un juicio.

Por otro lado, en otras jurisdicciones han interpretado la frase "antes del juicio" particularmente en el contexto de las mociones que deben presentarse antes del juicio y, a estos efectos, han señalado que "la expresión 'antes del juicio' en una regla que requiere que una moción para suprimir se presente antes del juicio, significa en algún momento previo al día del juicio". (Traducción nuestra).[36] Lo importante es tener presente que "una moción de supresión debe promoverse adecuadamente en algún punto antes de la etapa del juicio." (Traducción nuestra).[37] Claro está, lo anterior está supeditado a lo que el estatuto del estado de la jurisdicción que se trate disponga con relación al término para presentar la moción de supresión de evidencia. **Puede observarse, entonces, que**

---

[34] Íd.

[35] http://www.ramajudicial.pr/orientacion/glosario.pdf, pág. 70. (última visita, 30 de diciembre de 2018); I. Rivera García, op. cit., pág. 139.

[36] Folkens v. Hunt, 290 S.C. 194, 206 (S.C.App.,1986) citando State v. Hamilton, 628 S.W.2d 742 (Tenn.Cr.App.1981).

[37] W.R. LaFave, Search and Seizure: A treatise on the Fourth Amendment, 5ta ed., Minnesota, West Publishing Co., 2012, Vol. 6, Sec. 11.1(a). escolio 7, pág. 4 citando a State v. Hamilton, supra, en lo concerniente a que "'prior to trial' in rule means prior to day trial commences".

**la importancia de la fecha del señalamiento, para efectos de la presentación de la moción de supresión de evidencia no se trata en sí del mero señalamiento del juicio que el tribunal de instancia fije, sino del acto que tal señalamiento anuncia o advierte.** Esto, además de la necesidad lógica de establecer una fecha cierta para el inicio del juicio, obedece a que debe disiparse cualquier asunto correspondiente a la etapa preliminar al juicio, entre otros, el descubrimiento de prueba.

C.  **El descubrimiento de prueba *vis a vis* la solicitud de supresión de evidencia**

Aunque reconocemos que en muchas ocasiones el fundamento para presentar la moción de supresión de evidencia nace antes de iniciarse el descubrimiento de prueba,[38] existen circunstancias en que precisamente la razón o motivo para reclamar la protección constitucional surge como resultado de la prueba descubierta. Esa es la realidad que debemos considerar de nuestro derecho procesal penal. Por ello, como último foro perito en la interpretación del ordenamiento jurídico, debemos reconocer la presencia de la lógica de las palabras, pero también la lógica de la realidad.[39] Como señaló el jurista José Trías Monge:

---

[38] En Pueblo v. Rey Marrero, *supra*, págs. 750-751, aclaramos que esta regla aplica a las situaciones en las que se solicita la supresión de una confesión o testimonio y debe aplicarse a una moción de supresión de identificación del acusado.

[39] Pueblo v. Tribunal Superior, 104 DPR 363, 366 (1975).

> Existe, sin embargo, no sólo la lógica de las palabras, a menudo estéril y despistante, sino también la lógica de la realidad, de destilación más trabajosa. Las palabras no habitan un universo propio, desvinculado del mundo que las genera y al que se refieren. El lenguaje es tan sólo inteligible en función de ese mundo. El lenguaje jurídico en especial deriva su significado de las realidades que lo forjan y alteran.[40]

En ese contexto, la pretensión del Estado de que la expresión "antes del juico" limite el derecho sustantivo del acusado a solicitar la supresión de evidencia únicamente en lo que sería el primer señalamiento no se ajusta a la lógica de la realidad. Esto cobra mayor relevancia cuando, como en este caso, la suspensión del primer señalamiento del juicio y las subsiguientes conferencias con antelación al juicio celebradas fueron en virtud de que el descubrimiento de prueba no había concluido. Nótese que la Regla 95B(b) de Procedimiento Criminal relacionada a las normas que rigen el descubrimiento de prueba en el derecho procesal penal establecen que esta etapa "debe completarse en un plazo no mayor de diez (10) días antes del juicio".[41] Vemos que el término de los 5 días que provee la Regla 234, *supra*, para presentar la moción de supresión de evidencia está sincronizado al hecho de que antes del inicio del juicio, el descubrimiento de prueba debe haber finalizado. En ese sentido, y basado en la pretensión del Estado, **¿cómo**

---

[40] Íd.

[41] 34 LPRA Ap. II, R. 95B(b).

**podría limitarse así el derecho constitucional del acusado que le permite solicitar la supresión de cualquier asunto que surja durante ese descubrimiento de prueba?**

En consecuencia, tras adentrarnos en la frase "5 días antes del juicio", y precisar el diseño y el norte de la Regla 234, *supra*, que gobierna la moción de supresión de evidencia, con el correspondiente balance de los derechos constitucionales que están en juego, la interpretación más justiciera requiere que sea una restrictiva en cuanto a lo que desfavorece al acusado y liberal en lo que le favorece. Recalcamos que, no solo el derecho sustantivo penal, sino también las normas procesales de lo criminal, en ocasiones, como en este caso, están revestidas de garantías constitucionales.

## III

Ciertamente, es incuestionable que el lenguaje en la frase "antes del juicio" de la Regla 234, *supra*, "es tan inequívoco que postula un solo significado, [por lo que] un sentido cabal de humildad y autodisciplina judicial requiere la aplicación de la voluntad legislativa".[42] **Así que, una vez el Tribunal de Primera Instancia notifica el señalamiento del juicio, se activa el término de los 5 días para que la Defensa presente la moción de supresión. <u>El señalamiento solo activa el término</u>.** Por lo tanto, **es oportuna la moción de supresión de evidencia**

---

[42] <u>Yiyi Motors, Inc. v. ELA</u>, 177 DPR 230, 249 (2009) citando a <u>Silva v. Adm. Sistemas de Retiro</u>, 128 DPR 256, 269 (1991) y <u>Clínica Juliá v. Sec. De Hacienda</u>, supra, pág. 521.

**presentada <u>por lo menos 5 días antes del señalamiento que, en efecto, inicie el juicio</u>.[43]** Las normas de hermenéutica sobre uso más corriente y usual de las palabras y frases no admitirían otra interpretación.

Como señalamos, al tener en cuenta los pormenores que surgen en el trámite de un procedimiento penal, en conjunto con el uso común y corriente de la frase "5 días antes del juicio", es restrictivo e ilógico interpretar que ésta se refiera al primer señalamiento del juicio, como si el derecho del acusado estuviese limitado al consumo de un turno para pedir la supresión de evidencia. Este asunto, incluso, no surge de la propia regla procesal analizada. La redacción de la Regla 234, *supra*, es categórica al señalar como única limitación el que la moción de supresión de evidencia debe presentarse 5 días antes de que en efecto inicie el juicio.

Además de aclarar la frase y el momento en que se activa el término, es vital evaluar cómo los derechos de las partes se afectan con la interpretación adoptada. El tribunal de instancia resolvió que, en circunstancias como las del caso de autos, la concesión de la solicitud de supresión de evidencia dilataría los procedimientos. Primero, los jueces de instancia tienen una obligación de entronque constitucional de "adoptar las medidas

---

[43] De hecho, si la Defensa presenta la moción de supresión de evidencia en menos de los 5 días que dispone la Regla 234, *supra*, y el juicio se suspende para una fecha posterior, entonces la solicitud estaría en tiempo y el acusado no tendría siquiera que acreditar la justa causa para la dilación.

necesarias para que los procesos se ventilen sin dilaciones injustificadas […]".[44] Asimismo, reconocemos que al Estado le asiste el derecho a que los juicios criminales se ventilen con prontitud.[45] Por otro lado, el acusado tiene el derecho de reclamar la protección constitucional contra registros, incautaciones y allanamientos irrazonables, sujeto a que exista el fundamento, sea específico y diligente en la petición. Aun si consideráramos que fuera real la dilación, no es óbice para que el foro de instancia no le reconozca al acusado su derecho a intentar suprimir aquello que él entiende que debe ser suprimido. Máxime si, como estamos resolviendo aquí, el acusado presentó la solicitud de supresión de evidencia dentro del término que establece la Regla 234, *supra*. Por lo tanto, ante la garantía constitucional involucrada y el cumplimiento con la Regla 234, *supra*, que la regula, no podemos aceptar que una alegada dilación en el proceso sea un fundamento válido para denegar el reclamo del peticionario. Y es que, como señalamos, la interpretación restrictiva por los foros *a quo*, no se ajusta a la lógica de la realidad que persigue la Regla 234, *supra*.

Como mencionáramos, el caso que atendemos tuvo el primer señalamiento para celebrar el juicio el 10 de marzo

---

[44] Pueblo v. Rivera Tirado, 117 DPR 419, 447 (1986); véase, Regla 1, *supra*.

[45] Pueblo v. Rivera Santiago, 176 DPR 559, 570 (2009); Pueblo v. Miró González, 133 DPR 813, 817 (1993).

de 2017, pero se convirtió en una conferencia con antelación al juicio. Posteriormente, el foro de instancia celebró 3 conferencias adicionales y en la última de éstas fijó el segundo señalamiento del juicio para el 11 de septiembre de 2017. No hay duda de que el peticionario reclamó oportunamente la supresión de evidencia al hacerlo 6 días antes del juicio, según fue notificado por el foro de instancia. La presentación en tiempo de la solicitud de supresión de evidencia no implicaba retraso alguno en el proceso ni el peticionario tenía que acreditar la justa causa para la dilación. Por lo tanto, el peticionario no perdió el derecho de solicitar la supresión de la evidencia porque no lo hizo 5 días antes del primer señalamiento del juicio.

**IV**

Por los fundamentos antes expuestos, se revoca tanto la denegatoria de expedición del Tribunal de Apelaciones como el dictamen del Tribunal de Primera Instancia. Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia para que atienda la moción de supresión de evidencia conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                  CC-2018-327      Certiorari

Juan Gabriel Rivera Surita

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 14 de junio de 2019.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca tanto la denegatoria de expedición del Tribunal de Apelaciones como el dictamen del Tribunal de Primera Instancia. Consecuentemente, se devuelve el caso al Tribunal de Primera Instancia para que atienda la moción de supresión de evidencia conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo