# 96 DTA 98

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JOSE J. RODRIGUEZ BORIA
Recurrido-Importado

Núm. KLCE-96-0230

San Juan, Puerto Rico, a 24 abril de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

¿Puede un acusado en el momento del juicio reformular una moción de supresión de evidencia que fuera denegada por otro juez y su solicitud de revisión rechazada por este Tribunal?

## I

El 7 de febrero de 1995, un agente del orden público, intervino con el joven José J. Rodríguez Boria, menor de edad, mientras éste manejaba un vehículo de motor por la carretera 137 de Morovis, Puerto Rico y luego de que efectuara, alegadamente, una transacción con sustancias controladas frente al portón principal de la Escuela Superior Jaime A. Collazo del Río.

Después de encontrarse causa por infracción a los Artículos 401, 405 y 411-A de la Ley de Sustancias Controladas, se presentaron las acusaciones correspondientes ante el Tribunal de Primera Instancia, Sala Superior de Arecibo. Estando pendiente la vista del caso, el acusado presentó MOCION SOBRE SUPRESION DE EVIDENCIA, la que fue declarada No Ha Lugar por el Tribunal (Hon. Heriberto Sepúlveda).

El acusado presentó entonces ante este Tribunal una petición de *Certiorari* el 9 de febrero de 1996, solicitando la revocación del dictamen. Al respecto, mediante resolución emitida el 12 de febrero de 1996, luego de señalar que *"[h]emos examinado la totalidad del expediente ante nos a la luz de los criterios expuestos en la Regla 11 del Reglamento del Tribunal de Circuito de Apelaciones", declinamos expedir el recurso solicitado, señalamos en nuestra resolución que el dictamen de Instancia, denegando la supresión de evidencia solicitada "es sustancialmente correcto"'*.

Devuelto el caso al Tribunal de Primera Instancia para juicio en su fondo y durante la celebración del mismo ▮ la defensa reprodujo la solicitud de supresión de evidencia bajo los mismos fundamentos que adujo antes en Instancia y ante este Tribunal. La solicitud de supresión se reprodujo luego de que declarara el Pol. Israel Ortiz, el Agte. David Rivera Marrero, Saúl O. Cuevas Ruiz, Técnico Forense y Alexis Soto Zeno, Químico. ▮ Fue cuando el Ministerio Público ofreciera en evidencia varias piezas documentales que la defensa se opuso alegando que el registro que se llevó a cabo para obtener dicha prueba fue ilegal. Los hechos que dieron lugar a la moción de supresión de evidencia se recogen en la declaración del Pol. Israel Ortiz del siguiente modo:

*"Que en fecha del siete de febrero de mil novecientos noventa y cinco y a eso de las diez de la mañana se recibió un allamada (sic) telefónica donde un ciudadano informaba que vio cuando dos individuos, uno de ellos vistiendo un mahón azul y camisa azul y otro con un jacket rojo y uniforme de la Escuela Superior Jaime A. Collazo del Río, de Morovis, ocupando un auto marca Datsun S.W. color azul oscuro y con tablilla 35J329, se encontraban frente al portón principal de la referida escuela, vendiendo drogas a estudiantes. Inmediatamente me dirigí al lugar donde indicaron utilizando la parte posterior del Centro de Salud que ubica frente a dicha escuela y observé que el*

*vehículo que habían descrito se encontraba en dicho lugar. Me ubiqué en un lugar donde, desde mi motora, podía observar como a treinta pies aproximadamente cuando un individuo con jacket rojo, como lo habían descrito, le entregaba un bulto escolar color azul al que conducía el vehículo en cuestión por el lado izquierdo. Este a su vez introdujo su mano hacia la parte de abajo del asiento del chofer y sustrajo una bolsa plástica transparente y se apreciaba en el interior lo que por mi experiencia como Policía aparentaba ser la sustancia controlada conocida por marihuana. Inmediatamente le entregó el bulto al joven del jacket rojo el cual se montó de pasajero en el vehículo tomando rumbo hacia la carretera 137 de Morovis, donde les ordene que se detuvieran. Al detenerse los puse bajo arresto y les leí las advertencias de rigor. Que procedí a verificar el bulto en el cual ocupé una bolsa plástica transparente con una línea azul 'en la parte superior con cierre a presión la cual (sic) contenía en su interior sesenta y cinco bolsas transparentes con cierre a presión y una grapa cada una y en el interior lo que aparentaba ser picadura de marihuana. Procedí a verificar en el auto en cuestión el área donde yo había visto sacar la bolsa al individuo para evitar que desapareciera o se destruyera alguna evidencia...".* ■ (Enfasis en original.)

La segunda moción de supresión solicitada el día del juicio, el Tribunal, por voz de otro juez (Jaime R. Banuchi) la declaró Ha Lugar. Surge de la Minuta del 15 de febrero de 1996, que *"[e]l fiscal solicita se marque como exhibit las identificaciones por él sometidas y la defensa se opone argumentando que el registro que se llevó a cabo para obtener dicha prueba fue ilegal...".* El Tribunal señaló que *"[a]tendido el planteamiento de la defensa en cuanto a la inadmisibilidad de la evidencia ofrecida por el fiscal, examinados los casos de Pueblo v. Hernández Flores 113 DPR 511 y Pueblo v. Rivera Rivera, 117 D.P.R. páginas 289 y 290 donde se indica que aun cuando se haya presentado Moción de Supresión y se haya denegado la misma ésta puede reproducirse durante el juicio si de la prueba de cargo surge la ilegalidad del registro, este Tribunal entiende estar autorizado a entender en la Moción de Supresión de Evidencia incoada por la defensa y procede a declarar la misma "HA LUGAR".* El Tribunal también desestimó los cargos, después de haber informado el Ministerio Público no tener prueba adicional para sostener las acusaciones. ■

Inconforme con lo resuelto acudió ante esta Curia el Procurador General el 15 de marzo de 1996, en Petición de *Certiorari.* señala error al declarar con lugar la moción de supresión de evidencia, reproducida en juicio, cuando este Tribunal de Circuito de Apelaciones había considerado y resuelto la misma en contra del acusado.

Para considerar el planteamiento del Procurador General, el 29 de marzo de 1996, expedimos el auto solicitado y luego el acusado presentó OPOSICION A PETICION DE *Certiorari* señalando que lo resuelto por esta Curia no constituye la ley del caso y que la jurisprudencia ha establecido que la supresión, aun cuando haya sido denegada en un momento previo, puede presentarse nuevamente.

## II

De conformidad con lo establecido en la Regla 234 de Procedimiento Criminal, en la moción de supresión de evidencia deben exponerse los hechos precisos o las razones específicas que sostengan la misma. De la resolución de la moción de supresión, como cuestión interlocutoria, cualquiera de las partes puede solicitar la revisión mediante el recurso de *Certiorari.* Si se declara sin lugar, no constituye impedimento para que pueda volverse a presentar cuando en el juicio surge la ilegalidad de la obtención de la evidencia o nuevos hechos u otras materias que puedan arrojar dudas sobre la resolución anterior. Resumil, O.E., Derecho Procesal Penal, Tomo I, Sección 12.16, págs. 323-324, Butterworth Legal Publisher, New Hampshire, Ed. 1990.

El reanudar la petición no es favorecida por los tribunales y no basta la invocación desnuda de la supresión teniendo la defensa que poner al Tribunal en condiciones de resolver que las circunstancias específicas del caso ameritan que se permita reproducir la moción de supresión de prueba. *Pueblo v. Hernández Flores,* 113 D.P.R. 511 (1982).

En el caso de autos la defensa presentó la moción de supresión de evidencia después de que varios testigos de cargo habían declarado, cuando el Ministerio Público ofreció en evidencia la prueba documental que había identificado previamente. Pero desconocemos en qué consiste tal prueba y, por consiguiente, tampoco sabemos en qué consiste la nueva prueba, los nuevos hechos y las materias que puedan arrojar duda sobre lo actuado. Por ello, aunque se trata de la misma controversia de derecho,

no nos encontramos en condiciones de decir que las circunstancias específicas sean nuevas o distintas de las que dieron lugar a la primera moción de supresión y a la denegatoria del auto solicitado.

Más aún, recordemos que en el primer recurso ante esta Curia (KLCE-96-0116) señalamos en aquel entonces que entendíamos que la resolución de Instancia era *"sustancialmente correcta"* en cuanto a la desestimación de la moción de supresión, por lo que denegamos expedir el auto solicitado. Esa denegatoria, como toda denegatoria de expedir un auto discrecional, nada dispuso en cuanto a los méritos del asunto en controversia pues al no expedir, sencillamente no asumimos jurisdicción revisora como requisito previo para pautar derecho entre las partes en este nuestro nuevo sistema judicial. ■ La sucinta explicación que fuera ofrecida por nosostros para la no expedición del auto, sólo sirvió para aclarar la determinación tomada a la luz de los autos. Nada más, nada menos. Véase *Pueblo v. Carrión,* 111 D.P.R. 825 (1981), en el cual se resolvió que *"la denegación de un auto de Certiorari no prejuzga los méritos de la cuestión planteada, pudiendo ser reproducida nuevamente."*

En *Núñez Borges v. Pauneto Rivera,* 131 D.P.R. ___ (1992), **92 JTS 78**, nuestro Tribunal Supremo resolvió que una resolución denegatoria de un auto de *Certiorari* no implica posición alguna respecto a los méritos de la causa sobre la cual trata el recurso y que la resolución denegatoria simplemente es índice de la facultad discrecional para negarse a revisar, en determinado momento, una decisión emitida.

Por los fundamentos expuestos anteriormente, se revoca la resolución del Tribunal de Primera Instancia y se devuelve el caso a ese foro para la continuación de los procedimientos en forma compatible con lo aquí resuelto.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIOS 96 DTA 98

**1.** Llevado a cabo los días 13 y 15 de febrero de 1996.

**2.** También declaró por la defensa el Sgto. Víctor Alvarado.

**3.** Declaración Jurada del Pol. Israel Ortiz. Rosario Núm. 14338, de 8 de febrero de 1995.

**4.** Como hemos visto, el peticionario no explicó al Tribunal el detalle de esta nueva prueba aducida en apoyo de su MOCION SOBRE SUPRESION DE EVIDENCIA. Además, carecemos de la exposición narrativa de la prueba (E.N.P.).

**5.** Ley de la Judicatura de 1994. No se trata de un tribunal de casación con un fin de unificación de la jurisprudencia. Es un órgano instituido para administrar a los particulares. Cuevas Segarra, J.A., Práctica Procesal Puertorriqueña: Práctica Apelativa, **Publicaciones JTS**, 1995, pág. 23.